NOT DESIGNATED FOR PUBLICATION

No. 114,218

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM SHERROD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed December 30, 2016. Remanded with directions.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

BUSER, J.: William Sherrod appeals the district court's denial of his motion to correct an illegal sentence. Additionally, while this appeal was pending, Sherrod filed a second motion to correct illegal sentence in the Court of Appeals under this appellate case number. This second motion was based on a different ground than Sherrod presented in his first motion and the ground he later raised on appeal. For the reasons discussed in this opinion, this case is remanded to the district court with directions to consider and rule on the latest motion filed by Sherrod in the Court of Appeals.

1

FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2004, Sherrod was convicted of attempted aggravated indecent liberties with a child, a severity level 5 person felony, in violation of K.S.A. 21-3504 and K.S.A. 21-3301. See *State v. Sherrod*, 40 Kan. App. 2d 564, 194 P.3d 593 (2008).

Sherrod's presentence investigation (PSI) report calculated his criminal history score as an A based upon the classification of three of his four prior military convictions as person felonies. In particular, while stationed at Fort Bragg in North Carolina, Sherrod received two military convictions for burglary, which the PSI described as aggravated burglaries, and two convictions for assault, which the PSI described as an aggravated battery and an assault consummated by a battery upon a child under 16 years of age. See 10 U.S.C. § 928 (2012); 10 U.S.C. § 929 (2012). The convictions which the PSI described as aggravated burglary and aggravated battery were classified as person felonies and the conviction listed as an assault consummated by a battery upon a child was classified as a person misdemeanor.

At sentencing on March 31, 2005, Sherrod acknowledged that the aggravated battery conviction had been properly scored as a person felony, but he challenged the manner in which the two aggravated burglaries were scored. Sherrod claimed his military convictions were not comparable to the Kansas offense of aggravated burglary because the intent required to commit burglary under the Uniform Code of Military Justice (UCMJ) is broader than the intent required to commit an aggravated burglary under Kansas law.

During sentencing, the State presented testimony from Captain Erin Zetterstrom, a Judge Advocate General for the United States Army describing Sherrod's military convictions. The captain's testimony focused on Sherrod's General Court-Martial Order, which "reflect[ed] the charges [against Sherrod] as well as the specifications for each

2

charge[, in a manner similar to a charging document,] and when [Sherrod] was sentenced."

After considering the parties' arguments, the district court found that Sherrod's criminal history had been calculated correctly. In particular, the district court ruled that Sherrod's criminal history based on his military convictions was comparable to Kansas offenses for aggravated battery, misdemeanor battery, and two counts of aggravated burglary. Based in part on the district court's findings, the court sentenced Sherrod to the standard presumptive sentence for an offender with a criminal history score of A and a conviction for a severity level 5 person felony, which resulted in a prison term of 130 months, followed by 24 months' postrelease supervision.

Sherrod filed a direct appeal, but, finding no reversible error, our court affirmed the conviction. *Sherrod*, 40 Kan. App. 2d at 564, 569, 572. Sherrod petitioned our Supreme Court for review, but his request was denied.

About 5 years later, on June 5, 2014, Sherrod filed a pro se motion to correct illegal sentence pursuant to K.S.A. 22-3504(1). Relying upon *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), Sherrod asserted that the sentencing court erroneously calculated his criminal history score when it classified his three military convictions as person felonies, rather than nonperson felonies. Following a nonevidentiary hearing, the district court denied Sherrod's motion based upon its finding that *Murdock* did not apply retroactively to Sherrod's sentencing. Sherrod filed a notice of appeal on March 2, 2015.

On January 13, 2016, Sherrod filed his appellant's brief in our court. In his brief, Sherrod claimed the district court erred when it denied his motion to correct an illegal sentence. Although Sherrod premised his pro se motion upon *Murdock*, on appeal, he

opted to abandon this argument which our Supreme Court explicitly overruled in *Keel*, 302 Kan. 560, Syl. ¶ 9. Now, for the first time, Sherrod appealed the district court's criminal history calculation based on the United States Supreme Court's holdings in *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as applied by our Supreme Court in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Specifically, Sherrod claimed the district court erred during sentencing when it calculated his criminal history score because the court engaged in unconstitutional judicial fact finding regarding three of his prior military convictions. According to Sherrod, this resulted in the erroneous classification of these offenses as person felonies for criminal history scoring purposes. On May 18, 2016, the State filed its appellee's brief, arguing that Sherrod's military convictions were correctly scored by the district court.

On July 25, 2016, our court filed a show cause order directing the parties to serve written responses regarding whether Sherrod's sentencing claims were rendered moot because he had served the prison portion of his sentence. Both parties filed responsive memoranda.

Sherrod's appeal was scheduled for oral argument on August 16, 2016, at the United States District Court, in Kansas City, Kansas. Six days prior to oral argument, on August 10, 2016, Sherrod filed in our court a new motion to correct illegal sentence. Inexplicably, this original motion was filed as part of Sherrod's appeal of the district court's denial of his first motion to correct illegal sentence. Moreover, this motion raised an entirely new ground for Sherrod's claim that his sentence was illegal. In short, Sherrod now asserted, "since the UCMJ is exempted from the federal sentencing procedures and provisions, and because the UCMJ makes no distinctions for felonies and misdemeanors, Defendant's prior convictions are neither misdemeanors nor felonies."

4

At oral argument, our court raised questions regarding the procedural posture of this appeal given Sherrod's latest motion to correct illegal sentence. District Attorney Jerome Gorman orally requested that the matter of Sherrod's illegal sentence be remanded to the district court for consideration of the latest motion. This court also allowed the State to file a response to Sherrod's latest motion and to supplement the record.

ANALYSIS

Sherrod appeals the district court's denial of his motion to correct illegal sentence. His pro se motion was predicated on a legal basis that Sherrod has now abandoned after the district court's adverse ruling and our Supreme Court's recent opinion in *Keel*, 302 Kan. 560, Syl. ¶ 9.

The new ground Sherrod raises on appeal was not presented to the district court but was based on that court's alleged judicial fact finding in comparing the elements of Sherrod's military convictions under the UCMJ with elements of the Kansas crimes of aggravated battery and aggravated burglary. The crux of Sherrod's argument is presented in his appellant's brief:

> "K.S.A. 21-6811(e) provides for the classification of out-of-state offense[s] for criminal history purposes. If a crime is a felony in the other state, it will be treated as a felony in Kansas. *It appears the military treated Mr. Sherrod's conviction as a felony, so it must be treated as such in Kansas.* However, the determination of whether an offense is treated as a person or nonperson felony is based upon a comparison to the Kansas statutes. K.S.A. 21-6811(e)(1)(3). . . .
>     . . . .
> "The problem in this case is that the district court did not merely use the fact or the existence of Mr. Sherrod's prior UCMJ burglary convictions to enhance his criminal history. Because of its expanded specific intent element, the UCMJ burglary statute criminalizes conduct beyond that of Kansas burglary statutes. Thus, the district court was

5

required to engage in additional factfinding outside the facts proven by the existence of the prior UCMJ burglary convictions." (Emphasis added.)

As is readily apparent, on appeal, Sherrod conceded that his prior convictions under the UCMJ were felonies, but he contested the district court's judicial fact finding in determining that those UCMJ felonies were person felonies rather than nonperson felonies.

Turning now to Sherrod's latest motion to correct illegal sentence which was filed in our court, Sherrod raises yet another new and different basis for our court to find that his sentence is illegal. According to Sherrod's latest motion, he argues that K.S.A. 2004 Supp. 21-4711(e) provides that an out of state crime should be classified as either a felony or misdemeanor according to the convicting jurisdiction. Moreover, that statute also provides that convictions within the federal system are considered out of state convictions. Sherrod claims that a problem arises, however, because under 10 U.S.C. § 801 *et seq.* (2012), the UCMJ does not designate crimes as felonies or misdemeanors. Thus, Sherrod argues that his prior military crimes are neither felonies nor misdemeanors and must be unscored, or alternatively, scored as misdemeanors.

It is obvious that Sherrod's latest motion which asserts that his military convictions are *not* felonies is directly contradictory to the argument Sherrod presents in his appellant's brief: "It appears the military treated Mr. Sherrod's conviction as a felony, so it must be treated as such in Kansas." Although Sherrod's argument in the latest motion is contrary to the argument he makes on appeal, he does not inform us if he is now abandoning the argument he makes in his appellant's brief.

There are additional problems which this latest motion presents. Sherrod's motion and argument were never considered by the district court. Generally, issues not raised before the trial court may not be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318

6

P.3d 987 (2014). Moreover, constitutional grounds for reversal asserted for the first time on appeal are also not properly before the appellate court for review. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

While there are exceptions to this rule, in his motion, Sherrod does not identify any exceptions that would be applicable. This is important because Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Such an explanation is especially necessary in this case because Sherrod's latest motion was not even filed in the district court, but filed as an original motion in the Court of Appeals. Sherrod was sentenced 11 years ago, he filed his motion to correct illegal sentence 2 and 1/2 years ago, and he has not proffered any legal or practical justification for not presenting this latest motion and argument prior to 6 days before oral argument on the appeal of his first motion. Litigants who fail to comply with Supreme Court Rule 6.02(a)(5) risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *Godfrey*, 301 Kan. at 1044.

We also must consider the State's request made during oral argument to remand the matter of Sherrod's claim of an illegal sentence to the district court in order that the latest argument may be fully briefed by the parties and reviewed by the district court. Although Sherrod's latest argument is principally one of statutory interpretation, we note that in the original sentencing the State produced Captain Zetterstrom to provide expert legal testimony regarding Sherrod's military charges, pleas, convictions, and sentencing under the provisions of the UCMJ. Given Sherrod's latest argument and the unique aspects of the UCMJ system, there is a possible need for additional expert legal testimony to resolve this matter. Of course, such testimony would need to be presented in the district court not an appellate court.

7

Sherrod's latest issue deserves full briefing before the district court and our court. Sherrod's three page motion does not adequately address the legal complexities of his argument. We are unwilling to consider and rule on this matter without a full and complete presentation of the argument. All things considered, rather than deny Sherrod's latest motion for the procedural reasons discussed earlier, we are persuaded that the better course is to grant the State's request for a remand to allow the district court to consider and rule on the motion.

This case is remanded to the district court with directions for the court to consider and rule on the latest motion filed by Sherrod in the Court of Appeals.

Remanded with directions.